UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
2019 AUG 23 PM 3: 45

RICHARD JONES
CLERK OF COURT
U.S. BANKRUPTCY COURT
COLUMBUS, OHIO

| | | |
|---|---|---|
| **In Re:** | ] | |
|     **LEONARD NYAMUSEVYA** | ] | Case No. 2:19-bk-52868 |
| | ] | |
| | ] | Chapter 7 |
|     Debtor-Plaintiff. | ] | |
| | ] | Judge John E. Hoffman, Jr. |
| **Leonard Nyamusevya** | ] | |
|     Plaintiff | ] | Adv. Proc. No.: |
| Vs. | ] | |
| **Internal Revenue Service** | ] | (Trial by Jury Requested Hereon) |
|     Defendant(s) | ] | (Fed. R. Civ. P. 38 Right to a Jury Trial is |
| | ] | Requested Hereon) |

Debtor-Plaintiff-Plaintiff does consent to entry of final orders or judgment by the bankruptcy court.

---

**DEBTOR-PLAINTIFF'S ADVERSARY PROCEEDINGS COMPLAINT UNDER
18 U.S.C. §§ 152 AND 18 U.S.C. §§ 157 AND 18 U.S.C. §§ 3571 AND OTHER
RELIEFS AGAINST INTERNAL REVENUE SERVICE (IRS).**

**COMPLAINT FOR WILLFUL VIOLATION OF
18 U.S.C. §§ 152 AND 18 U.S.C. §§ 157.**

**Jurisdiction of the Parties**

1.     This Court already has jurisdiction over the Parties. Jurisdiction over this Adversary Proceeding is proper pursuant to 28 U.S.C. §§ 1334 and 28 U.S.C. §§ 157, and the General Order of Reference entered in this District.

2.     Venue over this Adversary Proceeding is proper pursuant to 28 U.S.C. §§ 1409.

3.     This Adversary Proceeding is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (H), and (K).

4.     Leonard Nyamusevya is a debtor (Debtor) in this Chapter 7 Bankruptcy Case No: 2:19-bk-52868. Leonard Nyamusevya is the Debtor-Plaintiff in this Adversary Proceeding Case against the Internal Revenue Service (IRS), for its willful and fraudulent violation of 18 U.S.C. §§ 152 and 18 U.S.C. §§ 157.

5. Due to his deteriorated health condition, Debtor-Plaintiff did not have taxable income at the end of the year 2015; and at the end of the year 2017; and at the end of the year 2018. Debtor-Plaintiff's right wrist was swollen and prevented Debtor-Plaintiff from working. The IRS knowingly and fraudulently claimed unpaid taxes for the year 2015; and the year 2017; and the year 2018, which Debtor-Plaintiff does not owe the IRS.

6. To prevent collection activities and levy and seizure of personal property by the IRS, after the end of the year 2015, Debtor-Plaintiff contacted the IRS and reported his lack of taxable income in the year 2015, due to his deteriorated health condition, and requested that the IRS puts Debtor-Plaintiff's previously delinquent taxes under a non-collectible status; consequently, the IRS was fully aware that Debtor-Plaintiff reported his lack of taxable income in the year 2015.

7. To prevent collection activities and levy and seizure of personal property by the IRS, after the end of the year 2017, Debtor-Plaintiff contacted the IRS and reported his lack of taxable income in the year 2017, due to his deteriorated health condition, and requested that the IRS puts Debtor-Plaintiff's previously delinquent taxes under a non-collectible status; consequently, the IRS was fully aware that Debtor-Plaintiff reported his lack of taxable income in the year 2017.

8. To prevent collection activities and levy and seizure of personal property by the IRS, after the end of the year 2018, Debtor-Plaintiff contacted the IRS and reported his lack of taxable income in the year 2018, due to his deteriorated health condition, and requested that the IRS puts Debtor-Plaintiff's previously delinquent taxes under a non-collectible status; consequently, the IRS was fully aware that Debtor-Plaintiff reported his lack of taxable income in the year 2018.

9. At all times material, the IRS was aware and disregarded that Debtor did not have any taxable income for the year 2015; and for the year 2017; and for the year 2018. At all times material, the IRS was aware and disregarded that no employers or financial institutions reported any taxable payment to Debtor, for the year 2015; and for the year 2017; and for the year 2018.

## COUNT ONE: WILLFUL AND FRAUDULENT
## VIOLATION OF 18 U.S.C. §§ 152 AND 18 U.S.C. §§ 157.

10. Debtor-Plaintiff re-alleges and incorporates the allegations and averments contained in paragraphs 1 through 9 as fully rewritten herein.

11. Debtor-Plaintiff alleges that the IRS is not above the law and should have not failed to comply with its requirements for truthfully filing its Bankruptcy Official Form 410: Proof of Claim. By filing its May 20, 2019 Proof of Claim 4-1 on the Official Form 410, the IRS knew its requirements for filing it truthfully and in compliance of the law.

12. Debtor-Plaintiff alleges that by knowingly and fraudulently filing its May 20, 2019 Proof of Claim 4-1 on the Official Form 410, the IRS knew the instructions on it, which state as follows:

> "Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case… A person who files a fraudulent claim could be fined up to $500,000.00, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152; 18 U.S.C. §§ 157; and 18 U.S.C. §§ 3571."

13. Debtor-Plaintiff alleges that the IRS knowingly and fraudulently disregarded the provisions under 18 U.S.C. §§ 152; 18 U.S.C. §§ 157; and 18 U.S.C. §§ 3571, in its ongoing pursuit to injure and cause a miserable life and health deterioration to Debtor-Plaintiff; consequently, Debtor-Plaintiff had severely suffered gross life problems due to the IRS's fraudulent and willful acts.

14. Debtor-Plaintiff alleges that the IRS knowingly and fraudulently filed on May 20, 2019 a fraudulent Proof of Claim No. 4-1, without having any facts for supporting it, and knowingly and fraudulently and willfully disregarded and violated the provisions under 18 U.S.C. §§ 152; 18 U.S.C. §§ 157; and 18 U.S.C. §§ 3571, in its pursuit to destroy Debtor-Plaintiff's peace of mind and a hope for a fresh start through this Bankruptcy proceedings.

15. Debtor-Plaintiff alleges that the IRS owes Debtor-Plaintiff a fine under 18 U.S.C. §§ 3571, in the amount of $500,000.00 for its knowingly and fraudulently and willful disregard and violation of 18 U.S.C. §§ 152 and 18 U.S.C. §§ 157, for filing on May 20, 2019 its fraudulent Proof of Claim No. 4-1 (*see* attached hereto Exhibit "42") against Debtor-Plaintiff, as a matter of law and the facts.

16. . Debtor-Plaintiff alleges that Debtor-Plaintiff vehemently denies owing the IRS the claim in the amount of $15,680.02, which the IRS attested and conceded and affirmed to be knowingly and fraudulently and unsupported by facts.

17. Debtor-Plaintiff alleges that Debtor-Plaintiff vehemently denies owing the IRS the amount of the claim that is secured in the amount of $12,549.70, which the IRS attested and conceded and affirmed to be knowingly and fraudulently and unsupported by facts.

18. Debtor-Plaintiff alleges that Debtor-Plaintiff vehemently denies owing the IRS the amount of the claim that is unsecured in the amount of $3,130.32, which the IRS attested and conceded and affirmed to be knowingly and fraudulently and unsupported by facts.

19. Debtor-Plaintiff alleges that Debtor-Plaintiff vehemently denies owing the IRS the amount of taxes or penalties owed to governmental units in the amount of $2,305.49, which the IRS attested and conceded and affirmed to be knowingly and fraudulently and unsupported by facts.

20. Debtor-Plaintiff vehemently alleges that on May 17, 2019 the IRS knowingly and fraudulently knew and willfully disregarded that the Bankruptcy Official Form 410 provides in pertinent part 3 as follows: "I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct," in its pursuit to filing a fraudulent claim against Debtor-Plaintiff.

21. Debtor-Plaintiff vehemently alleges that on May 17, 2019 the IRS knowingly and fraudulently knew and willfully disregarded that the Bankruptcy Official Form 410 provides in pertinent part 3 as follows: "I declare under penalty of perjury that the foregoing is true and correct," in its pursuit to confiscate Debtor-Plaintiff's personal properties, by causing fraudulent accumulations of penalties and interests against Debtor-Plaintiff.

22. Debtor-Plaintiff vehemently alleges that the IRS knowingly and fraudulently and wrongfully claimed on the Bankruptcy Official Form 410 Attachment that for the tax period that ended on December 31, 2015, the tax due was $266.70 with interest to petition date in the amount of $38.79, which are knowingly and fraudulently fabricated and unsupported by facts, to cause a hardship of life

4

and mental anguishes and mental sufferings to Debtor-Plaintiff. Debtor-Plaintiff had no taxable income and did not file a year 2015 tax return. The tax due of $266.70 is fraudulent.

23. Debtor-Plaintiff vehemently alleges that the IRS knowingly and fraudulently and wrongfully claimed on the Bankruptcy Official Form 410 Attachment that for the tax period that ended on December 31, 2017, the tax due was $1,000.00 with interest to petition date in the amount of $0.00, which are knowingly and fraudulently fabricated and unsupported by facts, to cause a hardship of life and mental anguishes and mental sufferings to Debtor-Plaintiff. Debtor-Plaintiff had no taxable income and did not file a year 2017 tax return. The tax due of $1,000.00 is fraudulent.

24. Debtor-Plaintiff vehemently alleges that the IRS knowingly and fraudulently and wrongfully claimed on the Bankruptcy Official Form 410 Attachment that for the tax period that ended on December 31, 2018, the tax due was $1,000.00 with interest to petition date in the amount of $0.00, which are knowingly and fraudulently fabricated and unsupported by facts, to cause a hardship of life and mental anguishes and mental sufferings to Debtor-Plaintiff. Debtor-Plaintiff had no taxable income and did not file a year 2018 tax return. The tax due of $1,000.00 is fraudulent.

25. For this instant Case that was filed on May 01, 2019, Debtor-Plaintiff vehemently alleges that the IRS knowingly and fraudulently and wrongfully premeditated and predetermined on May 17, 2019 before the actual July 10, 2019 deadline for filing the Proof of Claim in this instant Case, to continuously affecting Debtor-Plaintiff, as it had most of the time been destroying Debtor-Plaintiff's life and plummeting Debtor-Plaintiff's economic pursuit into crisis and disaster; consequently, at the jury trial, this Court and the members of the jury should find and decide and adjudicate how far back the IRS actually knowingly and fraudulently and wrongfully contemplated to deceive and defraud and affect Debtor-Plaintiff's Bankruptcy estate, in order to prevent a "fresh start" relief to Debtor-Plaintiff, knowing that income tax debts are not dischargeable debts under a bankruptcy action.

26. Debtor-Plaintiff vehemently alleges that the IRS knowingly knew and willfully disregarded that 18 U.S.C. §§ 152 proscribes in part false statements and fraudulent claim that are made "knowingly

and fraudulently." *United States v. Ellis*, 50 F.3d 419, 426 (7th Cir.), *cert. denied*, 116 S. Ct. 143 (1995), in its pursuit for unlawful enrichment by knowingly and fraudulently and willfully making its May 20, 2019 wrongful and fraudulent and false claims against the estate of Debtor-Plaintiff; and making of a false declaration, certificate, verification and statement under penalty of perjury as permitted under 28 U.S.C. §§ 1746; consequently, the IRS knowingly and fraudulently and willfully disregarded that its act for filing its unsupported and fraudulent Proof of Claim on May 20, 2019 was recklessly and wantonly and maliciously in bad faith done with the intent to deceive and defraud and affect Debtor-Plaintiff's Bankruptcy estate, in its pursuit to prevent a "fresh start" relief to Debtor-Plaintiff. *United States v. Diorio*, 451 F.2d 21, 23 (2d Cir. 1971), *cert. denied*, 405 U.S. 955 (1972); consequently, at the jury trial, the IRS's fraudulent intent will further be proven by circumstantial facts. *United States v. Goodstein*, 883 F.2d 1362, 1370 (7th Cir. 1989), *cert. denied*, 494 U.S. 1007 (1990); *United States v. Weichert*, 783 F.2d 23 (2d Cir.), *cert. denied*, 479 U.S. 831 (1986).

27.     Debtor-Plaintiff vehemently alleges that the IRS knowingly and fraudulently and recklessly and wrongfully and wantonly and maliciously in bad faith falsely stated in its May 20, 2019 Proof of Claim 4-1 in the Bankruptcy Official Form 410 Attachment as following: "However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency;" consequently, the IRS must definitely fail to provide those available and fraudulent data for substantiating its fraudulent May 20, 2019 Proof of Claim. The IRS overvalued Debtor-Plaintiff's debts knowingly and fraudulently and intentionally and wantonly and recklessly and unlawfully and maliciously knowing to be false and unsupported, for the purpose of influencing its action for deceiving and defrauding Debtor-Plaintiff's Bankruptcy estate.

28.     Debtor-Plaintiff vehemently alleges that the IRS knowingly and fraudulently and recklessly and wrongfully and wantonly and maliciously in bad faith violated the provisions of 18 USC §§ 152 and 18 USC §§ 157 and committed its Bankruptcy Fraud by making and filing a fraudulent and misleading and unsupported Proof of Claim No. 4-1 in this instant bankruptcy proceeding, to deceive and defraud

and affect Debtor-Plaintiff's Bankruptcy estate. The IRS made a false statement and declaration under penalty of perjury in connection with this instant bankruptcy Case and made a false claim against the estate of Debtor-Plaintiff.

29. Debtor-Plaintiff vehemently alleges that the IRS knew that its acts were completed with intent to deceive and to defraud Debtor-Plaintiff's Bankruptcy estate.

30. Debtor-Plaintiff vehemently alleges that the IRS knew that it was breaking the law and should have not disregarded that the statutory provisions under 18 USC §§ 152 and 18 USC §§ 157 do not allow for revising or amending a proof of claim, once it had been filed in a bankruptcy proceeding with a statement and declaration under penalty of perjury.

31. Debtor-Plaintiff vehemently alleges that the IRS's fraudulent acts were performed knowingly and fraudulently in disregard of its duty to inquire; and are not error and lack any good faith reliance defense.

32. Debtor-Plaintiff vehemently alleges that after knowingly and fraudulently and recklessly and wrongfully and wantonly and maliciously in bad faith violating the provisions of 18 USC §§ 152 and 18 USC §§ 157, and committing its Bankruptcy Fraud by making and filing a clearly fraudulent and misleading and unsupported Proof of Claim No. 4-1 in this May 01, 2019 instant bankruptcy proceeding, on May 17, 2019 the IRS threatened Debtor-Plaintiff as following:

> "We show that you haven't filed the federal tax returns listed on the enclosed Form 13736, Response to Inquiry About Missing Tax Return… If we don't receive your response, we may file a motion to convert or dismiss your bankruptcy." (*see* attached hereto Exhibit "43")

Knowingly fabricating its allegations and fraudulently disregarding that Debtor-Plaintiff did not file those individual income taxes return, and no employer and no financial institutions reported any taxable payment or income to Debtor-Plaintiff.

**WHEREFORE**, Debtor-Plaintiff prays this Court should enter a judgment against Defendant-Internal Revenue Service (IRS), finding that the IRS committed a fraud upon this Court to knowingly and fraudulently deceive and defraud and affect Debtor-Plaintiff's Bankruptcy estate. Debtor-Plaintiff

prays this Court should enter a judgment in favor of Debtor-Plaintiff and against the IRS in the maximum fine amount of $500,000.00 under 18 U.S.C §§ 3571, plus the allowed costs, together with interest plus charges, and for such other relief as allowed by law.

Respectfully Submitted,

/s/ Leonard Nyamusevya

**LEONARD NYAMUSEVYA**
Debtor-Plaintiff – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
Email: nyaleo@hotmail.com

8

## 21 DAY NOTICE OF DEBTOR-PLAINTFF COMPLAINT.

Notice is hereby given of Debtor-Plaintiff's Adversary Proceedings Complaint Under 18 U.S.C. §§ 3571 and Other Reliefs Against the Internal Revenue Service (IRS).

**Your right may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this Bankruptcy Case at bar. (If you do not have an attorney, you may wish to consult one).

If you do not want this honorable Court to grant this Complaint, or if you want the Court to consider your views on this Complaint, then on or before **21 days from the date of the mailing of this Notice or 30 days as required by law, whichever is applicable**, you or your attorney must file with the Court a written request for hearing or an Answer to this Complaint stating therein your supported basis for defense. This pleading must be filed with:

>Clerk of Courts
>United States Bankruptcy Court of Southern District of Ohio
>170 North High Street,
>Columbus, Ohio 43215.

If you mail your to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above. You must also mail a copy to:

**Christal L. Caudill**
Chapter 7 Trustee
3757 Attucks Drive
Powell, Ohio 43065
At *clcaudill@caudill-law.com*

**U.S. Trustee: Asst U.S. Trustee (Col)**
Office of the U.S. Trustee
170 North High Street, Suite 200
Columbus, Ohio 43215
At *ustpregion09.cb.ecf@usdoj.gov*

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in this Complaint and may enter an Order Granting that relief sought without further hearing or notice.

Respectfully Submitted,

/s/ Leonard Nyamusevya

**LEONARD NYAMUSEVYA**
Debtor-Plaintiff – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
Email: *nyaleo@hotmail.com*

## CERTIFICATE FOR SERVICE

I hereby certify that on the 23rd day of August 2019, I served a true and accurate copy of the foregoing Document and all attachments on the following by regular U.S. Mail, postage prepaid, or electronically at the email address that is registered with the Court at:

**Trustee:**       **Christall L. Caudill**
Chapter 7 Trustee
3757 Attucks Drive
Powell, Ohio 43065
At Email:     At *clcaudill@caudill-law.com*

**U.S. Trustee:**   **Asst U.S. Trustee (Col)**
Office of the U.S. Trustee
170 North High Street, Suite 200
At *ustpregion09.cb.ecf@usdoj.gov*

**Internal Revenue Service (IRS)**
**Department of the Treasury**
31 Hopkins Plaza, RM 1150
Baltimore, MD 21201

**Internal Revenue Service (IRS)**
**Department of the Treasury**
P.O. Box: 7346
Philadelphia, PA 19101-7346

No other parties are affected by this Adversary Proceedings Complaint.

And by regular U.S. Mail, postage prepaid, upon the following, and those parties listed on the Case mailing matrix.

Respectfully Submitted,

/se/ LEONARD NYAMUSEVYA

**LEONARD NYAMUSEVYA**
Debtor-Plaintiff – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
Email: *nyaleo@hotmail.com*

**Fill in this information to identify the case:**

Debtor 1  LEONARD NYAMUSEVYA SR.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: SOUTHERN    District of OHIO
(State)

Case number  2:19-BK-52868


EXHIBIT "42"

Official Form 410
# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Department of the Treasury - Internal Revenue Service
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Internal Revenue Service
Name
P.O. Box 7346
Number    Street
Philadelphia    PA    19101-7346
City    State    ZIP Code

Contact phone  1-800-973-0424
Contact email

Creditor Number: 19822651

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

Where should payments to the creditor be sent? (if different)

Internal Revenue Service
Name
P.O. Box 7317
Number    Street
Philadelphia    PA    19101-7317
City    State    ZIP Code

Contact phone  1-800-973-0424
Contact email

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on: _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing?

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>■ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:   See Attachment | |
| 7. How much is the claim? | $ 15,680.02 | Does this amount include interest or other charges?<br>☐ No<br>■ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**

☐ No

■ Yes. The claim is secured by a lien on property.

**Nature of property:**

■ Real Estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.

■ Motor Vehicle

■ Other. Describe:  *All of debtor(s) right, title and interest to property - 26 U.S.C. §6321.

**Basis for perfection:**  See Attachment

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of Property:** $

**Amount of the claim that is secured:** $ 12,549.70

**Amount of the claim that is unsecured:** $ 3,130.32    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $

**Annual Interest Rate** (when case was filed)  6 %
☐ Fixed
■ Variable

**10. Is this claim based on a lease?**

■ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $

**11. Is this claim subject to a right of setoff?**

☐ No
■ Yes. Identify the property   See Attachment

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. §507(a)? | ☐ No<br>■ Yes. Check all that apply: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ■ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 2,305.49 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |

*Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

■ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  05/17/2019
                   MM / DD / YYYY

/s/ S. WADE
(Signature)

**Print the name of the person who is completing and signing this claim:**

Name        S.                                            WADE
            First name        Middle name        Last name

Title       Bankruptcy Specialist

Company     Internal Revenue Service
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     31 HOPKINS PLAZA, RM 1150
            Number        Street

            BALTIMORE                        MD            21201
            City                             State         ZIP Code

Contact Phone  443-853-5366                  Email: _____

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**In the Matter of:** LEONARD NYAMUSEVYA SR.
AKA ACADEMIC I AM
PO BOX 314
REYNOLDSBURG, OH 43068

**Form 410 Attachment**

| Case Number |
|---|
| 2:19-BK-52868 |

| Type of Bankruptcy Case |
|---|
| CHAPTER 13 |

| Date of Petition |
|---|
| 05/01/2019 |

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Secured Claims** (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date | Office Location |
|---|---|---|---|---|---|---|---|---|
| XXX-XX-0901 | INCOME | 12/31/2008 | 07/26/2012 | $2,092.00 | $1,144.42 | $931.93 | 06/28/2013 | FRANKLIN COUNTY |
| XXX-XX-0901 | INCOME | 12/31/2009 | 03/19/2012 | $0.00 | $86.18 | $1,142.63 | 06/28/2013 | FRANKLIN COUNTY |
| XXX-XX-0901 | INCOME | 12/31/2010 | 03/19/2012 | $3,839.00 | $2,017.40 | $1,296.14 | 06/28/2013 | FRANKLIN COUNTY |
|  |  |  |  | $5,931.00 | $3,248.00 | $3,370.70 |  |  |

**Total Amount of Secured Claims:** $12,549.70

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed |  | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|---|
| XXX-XX-0901 | INCOME | 12/31/2015 | 1 | Estimated- SEE NOTE | $266.70 | $38.79 |
| XXX-XX-0901 | INCOME | 12/31/2017 | 2 | Estimated- SEE NOTE | $1,000.00 | $0.00 |
| XXX-XX-0901 | INCOME | 12/31/2018 | 2 | Estimated- SEE NOTE | $1,000.00 | $0.00 |
|  |  |  |  |  | $2,266.70 | $38.79 |

**Total Amount of Unsecured Priority Claims:** $2,305.49

**Unsecured General Claims**

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| XXX-XX-0901 | INCOME | 12/31/2013 | 09/28/2015 | $560.00 | $121.47 |

Penalty to date of petition on unsecured general claims (including interest thereon) . . . . . . $143.36

**Total Amount of Unsecured General Claims:** $824.83

---

1 LIABILITY IS ESTIMATED BASED ON AVAILABLE INFORMATION BECAUSE THE RETURN HAS NOT BEEN FILED. THIS CLAIM MAY BE AMENDED AS NECESSARY AFTER THE DEBTOR FILES THE RETURN OR PROVIDES OTHER REQUIRED INFORMATION.

2 LIABILITY IS ESTIMATED BASED ON AVAILABLE INFORMATION BECAUSE THE RETURN HAS NOT BEEN FILED. THIS CLAIM MAY BE AMENDED AS NECESSARY AFTER THE DEBTOR FILES THE RETURN OR PROVIDES OTHER REQUIRED INFORMATION.

1872                                                              COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 2:19-BK-52868 | Lien Recorded   : 06/28/2013 - 00:00AM<br>Recording Number: 201306280109042<br>UCC Number      :<br>Liber           :<br>Page            : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #2<br>Lien Unit Phone: (800) 829-3903 | IRS Serial Number: 944047713 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
   L NYAMUSEVYA SR

Residence:
   2064 WORCESTER CT
   COLUMBUS, OH 43232-3054

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2008 | XXX-XX-0901 | 07/26/2012 | 08/25/2022 | $2,828.91 |
| 1040 | 12/31/2009 | XXX-XX-0901 | 03/19/2012 | 04/18/2022 | $6,384.28 |
| 1040 | 12/31/2010 | XXX-XX-0901 | 03/19/2012 | 04/18/2022 | $4,758.73 |

| Filed at: COUNTY RECORDER<br>          FRANKLIN COUNTY<br>          COLUMBUS, OH 43215 | Total | $13,971.92 |
|---|---|---|

This notice was prepared and executed at DETROIT, MI
on this, the 11th day of June, 2013.

| Authorizing Official:<br>   G.J. CARTER-LOUIS | Title:<br>   ACS SBSE           22-00-0008 |
|---|---|

**IRS** Internal Revenue Service
Department of the Treasury

31 HOPKINS PLAZA, RM 1150
BALTIMORE, MD 21201

Date: May 17, 2019
**Person to Contact:**
Name: S. WADE

Employee ID: 0274631
Telephone: 443-853-5366
Fax: 855-852-4141

LEONARD NYAMUSEVYA SR.
AKA ACADEMIC I AM
PO BOX 314
REYNOLDSBURG, OH 43068

**Chapter and Case Number:**
Chapter: 13
Case: 2:19-BK-52868
**Response Date:**
May 31, 2019

*EXHIBIT "43"*

Dear LEONARD NYAMUSEVYA SR.:

We show that you haven't filed the federal tax returns listed on the enclosed Form 13736, Response to Inquiry About Missing Tax Return.

Send us either your returns or written explanations why you're not required to file these returns by the response date above.

If we don't receive your response, we may file a motion to convert or dismiss your bankruptcy.

You can get help with filing your returns or request wage transcripts through IRS.gov, IRS2GO (mobile app), your local Taxpayer Assistance Center (TAC), or by calling 800-829-1040. If you have any questions, you can contact the person above.

Thank you for your cooperation.

Sincerely,

/s/ JAMES MCDONOUGH
Supervisory Bkcy Spec

Enclosures: Form 13736
Envelope
Pub 1

cc: FAYE D. ENGLISH

Letter 1714 (Rev 7-2018)
Catalog Number 12388X

| Form **13736**<br>December 2005 | **Response to Inquiry About Missing Tax Return**<br>(Associated with Letter 1714) |
|---|---|

Debtor (Taxpayer's First and Last Name)

**LEONARD NYAMUSEVYA SR.**

| Case Number | Chapter |
|---|---|
| 2:19-BK-52868 | 13 |

1. Missing Return(s)

| TIN | Tax Form | Tax Period | When filed, or reason you are not required to file |
|---|---|---|---|
| XXX-XX-0901 | 1040 | 12/31/2015 | $0.00 DEBTOR WAS VERY ILL |
| XXX-XX-0901 | 1040 | 12/31/2017 | $0.00 DEBTOR WAS VERY ILL AND SWOLLEN HAND |
| XXX-XX-0901 | 1040 | 12/31/2018 | $0.00 DEBTOR WAS VERY ILL AND NERVES PROBLEM |

REMARK: THERE IS NO MISSING TAX RETURN AT ALL.

REMARKS: DEBTOR WILL COMPEL FINANCIAL INSTITUTIONS TO SUBMIT RECORDS

REMARKS: DEBTOR WILL COMPEL DOCTORS TO SUBMIT MEDICAL RECORDS

REMARKS: DEBTOR WILL PROVIDE MEDICAL RECORDS AND FINANCIAL RECORDS.

**Instructions**

Completed returns previously not filed and any other correspondence should be sent to the address below.

If you have already filed the return(s), or you are not required to file, provide the applicable information in Block 1, sign and date in Block 2, and return this form to the address below.

**IRS Mailing Address:**
Internal Revenue Service
31 HOPKINS PLAZA, RM 1150
BALTIMORE, MD 21201

2. To the best of my knowledge, the information shown above is true and correct.

Signature: *[signed] Murry Leonard.*    Date: MAY 30, 2019

Spouse Signature: NONE   NONE   N/A   DIVORCED    Telephone Number: (614) 323-5898

Catalog Number 47175E    www.irs.gov    Form 13736 (12-2005)

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** LEONARD NYAMUSEVYA | **DEFENDANTS** IRS INTERNAL REVENUE SERVICE |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) P.O. BOX 314  (614) 323-5298 REYNOLDSBURG, OHIO 43068 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

VIOLATION OF 18 U.S.C. §§ 152 AND 18 U.S.C. §§ 157

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 500,000.00 |

**Other Relief Sought**   $500,000.00

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>LEONARD NYAMUSEVYA | BANKRUPTCY CASE NO.<br>2:19-bk-52868 |||
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRICT | DIVISION OFFICE<br>EASTERN || NAME OF JUDGE<br>JOHN E. HOFFMAN, Jr. |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF<br>LEONARD NYAMUSEVYA | DEFENDANT  IRS<br>INTERNAL REVENUE SERVICE || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Leonard ||||
| DATE<br>AUGUST 23, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>LEONARD NYAMUSEVYA |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.