IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 2:19-bk-52868 |
| | ) | Chapter 7 |
| LEONARD NYAMUSEVYA, | ) | Judge John E. Hoffman, Jr. |
| | ) | |
| Debtor. | ) | |
| ――――――――――――――――――― | ) | |
| | ) | |
| LEONARD NYAMUSEVYA, | ) | Adv. Proc. No. 2:19-ap-2109 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| ――――――――――――――――――― | ) | |

**DEFENDANT UNITED STATES' MOTION TO DISMISS ADVERSARY COMPLAINT**

Defendant United States of America, improperly named and sued as the Internal Revenue Service ("IRS"), hereby moves to dismiss Plaintiff's complaint in the above-captioned adversary proceeding (1) for lack of subject-matter jurisdiction under 28 U.S.C. §§ 1334 and 157, (2) because the adversary complaint is barred by sovereign immunity, (3) because the Plaintiff lacks standing to commence this action, and (4) because the adversary complaint otherwise fails to state a claim on which relief may be granted.  As set forth in greater detail below, the bankruptcy court lacks jurisdiction over the adversary complaint under sections 1334 and 157 because it neither "arise[s] under" the Bankruptcy Code, nor is it "related to" the bankruptcy.  In addition, any prepetition cause of action became property of the estate under 11 U.S.C. § 541 and does not belong to the Plaintiff.  Finally, the adversary complaint fails to state a claim (or is barred by sovereign immunity) because, even if Plaintiff had a valid cause of action, he has not exhausted

1

his administrative remedies, because the IRS did not violate any provision of the Bankruptcy

Code or the Internal Revenue Code, and because Plaintiff has not availed himself of the proper

procedures under the Bankruptcy Code to object to the IRS's proof of claim.

### Background

Plaintiff filed a voluntary Chapter 13 petition on May 1, 2019.  *In re Nyamuseva*, Bankr.

Case No. 2:19-bk-52868 (Bankr. S.D. Ohio) ("Bankr. Case") (Doc. 1).  On the Schedule D

Plaintiff filed as part of his petition, he listed the IRS as a secured creditor with a claim in the

amount of $14,000 which he disputed.  Bankr. Case (Doc. 1).

The IRS filed its initial proof of claim on May 20, 2019, which reflected as follows:  a

secured claim in the amount of $12,549.70 for income taxes, interest, and penalties for tax years

2008-2010; an unsecured priority claim in the amount of $2,305.49 for income taxes and interest

for tax years 2015, 2017, and 2018 (which was estimated because the returns for those years had

not been filed), and an unsecured general claim in the amount of $824.83 for income taxes and

interest for tax year 2013, as well as penalties on unsecured general claims.  (Claim 4-1).  The

IRS amended its proof of claim on June 13, 2019 to change the amount of the estimated priority

claim for tax years 2015, 2017, and 2018 to zero; the remainder of the proof of claim remained

the same.  (Claim 4-2).  Plaintiff never objected to the IRS's proofs of claim.

On July 22, 2019, Plaintiff voluntarily converted the case to Chapter 7, and a Chapter 7

Trustee was appointed.  Bankr. Case (Doc. 59).  On September 12, 2019, the Chapter 7 Trustee

held the 341 meeting and issued a report of no distribution.  On November 12, 2019, the Debtor

received his discharge.  Bankr. Case (Doc. 126).  As a result, no proofs of claim were filed in the

Chapter 7 case, and no claims were administered.

On August 23, 2019, the Debtor filed an adversary complaint in the instant case, which alleged that the IRS violated 18 U.S.C. §§ 152 and 157 and sought a fine in the amount of $500,000. (Doc. 1). Plaintiff failed to properly name the United States or serve it in accordance with Fed.R.Bankr.P. 7004, serving only an IRS office in Baltimore, and the Court denied his motion for default judgment and ordered him to serve the IRS properly on or before December 19, 2021. (Doc. 9). On December 10, 2021, Plaintiff amended his complaint to assert six counts, four of which alleged violations of 18 U.S.C. §§ 152 and/or 157, one of which alleged a "malicious and willful and fraudulent disregard of federal and bankruptcy law," and one of which alleged "willful negligence and infliction of serious emotional distress and mental anguishes." (Doc. 11).

## Legal Standard

Dismissal is appropriate under Rule 12(b)(1) of the Federal Rules of Civil Procedure (made applicable in adversary proceedings by Fed. R. Civ. P. 7012(b)) where a court lacks subject matter jurisdiction over a plaintiff's claim. See Fed. R. Civ. P. 12(b)(1). The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000). A motion to dismiss for lack of subject matter jurisdiction can be based on a facial attack upon the complaint or a factual attack. "When a Court is inquiring about whether it has subject-matter jurisdiction, 'no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *See Williams v. Duke Energy Int'l, Inc.*, 606 F. Supp. 2d 783, 787 (S.D. Ohio 2009) (*quoting United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)); *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990).

As a sovereign, the United States may not be sued without its consent, and the terms of its consent define the Court's jurisdiction.  *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Waivers of sovereign immunity must be unequivocally expressed and are "strictly construed" in favor of the government.  *See United States v. Idaho*, 508 U.S. 1, 6-7 (1993); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).  Where, by statute, the sovereign consents to be sued, the suit may be maintained if brought in compliance with the exact terms of the statute.  *Sherwood*, 312 U.S. at 590.  Without a waiver of sovereign immunity, an action against the United States must be dismissed.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  A plaintiff must identify a specific waiver of sovereign immunity, and prove that the claim fits within the waiver, in order to proceed against the United States.  *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000); *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 324.  The United States does not waive sovereign immunity for claims for monetary relief by virtue of participating in a bankruptcy case.  *Nordic Village*, 503 U.S. at 34.

To survive a motion to dismiss under Rule 12(b)(6) (also made applicable in adversary proceedings by Fed. R. Civ. P. 7012), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  However, the rule that "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

4

Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, the pleading requirements of *Iqbal* and *Twombly* still apply. *Bartlett v. Kalamazoo Cnty. Comm. Mental Health Bd.*, No. 18-1319, 2018 WL 4492496, at *1 (6th Cir. Aug. 22, 2018), *cert. denied* (Jan. 8, 2019); see also *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits.").

## Argument

I.      *The complaint should be dismissed under Rule 12(b)(1).*

A.      *The Court lacks subject-matter jurisdiction over the adversary complaint.*

"The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). Jurisdiction over bankruptcy cases, and civil proceedings within bankruptcy cases, is conferred on the district courts by 28 U.S.C. § 1334. The district courts may refer bankruptcy cases and proceedings to the bankruptcy courts, which are units of the district court. *See* 28 U.S.C. § 157(a).

Section 1334(b) provides that "the district courts [and by delegation the bankruptcy courts] shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Accordingly, to be within a bankruptcy court's jurisdiction, a "proceeding" must satisfy one of three tests, that is, it must qualify as: (1) "arising under title 11"; (2) "arising in" a bankruptcy case; or (3) "related to" a bankruptcy case. See *Celotex*, 514 U.S. at 307. Plaintiff's action does not fall within any of these categories.

"[P]roceedings 'aris[e] under title 11' when the Bankruptcy Code itself creates the cause of action." *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002). Here, Plaintiff cites no provision of the Bankruptcy Code which creates the causes of action set forth in his complaint;

5

indeed, the only statutes he cites are provisions of the federal criminal code, found in Title 18.

As such, this adversary proceeding is not one "arising under title 11."

"'[A]rising in' proceedings are those that, by their very nature, could only arise in

bankruptcy cases." *In re Wolverine Radio Co.*, 930 F.2d 1132, 1144 (6th Cir. 1991).  An

"arising in" proceeding "would have no existence outside of a bankruptcy case." *In re Marshall*,

491 B.R. 217, 228 n.8 (Bankr. S.D. Ohio 2012); *see also In re Rosenberger*, 400 B.R. 569, 574

(Bankr. W.D. Mich. 2008) ("[T]he category of proceedings arising in bankruptcy cases includes

such things as administrative matters, orders to turn over property of the estate and

determinations of the validity, extent, or priority of liens." (internal quotation marks omitted)).

Here, Plaintiff's cited causes of action appear to be under two federal criminal statutes (18

U.S.C. §§ 152 and 157), and either common or state law tort claims.  Given that these claims do

not arise only in bankruptcy—and, in the case of violations of the criminal statutes, cannot be

brought in a bankruptcy court—the claims do not meet the definition of a proceeding "arising in"

a bankruptcy case.[1] *See Sanders Confectionary Products, Inc., v. Heller Financial, Inc.*, 973

F.2d 474, 483 n.4 (6th Cir. 1992) (Lender liability, common law fraud, securities fraud, and

RICO claims did not arise in a title 11 case "because they could arise in cases other than

bankruptcy proceedings.").

The Sixth Circuit's standard for whether an action is "related to" bankruptcy is "whether

the outcome of th[e] proceeding could conceivably have any effect on the estate being

administered in bankruptcy." *In re Dow Corning*, 86 F.3d 482, 489 (6th Cir. 1996).  Here, the

---

[1] Although Plaintiff does not cite the provision, a charitable reading of his complaint could
suggest that he is making a claim that could fall within the ambit of 26 U.S.C. § 7433.  However,
in addition to the fact that no relief could be granted on any such claim (as described in greater
detail below), such a claim would also not arise under title 11, as such claims are regularly
brought outside of the bankruptcy context. *See Sanders Confectionary*, *supra*.

Chapter 7 Trustee has issued a no-asset report and the Debtor has received his discharge.  There

is no longer any "estate" on which the proceeding could have an effect.  Even if the Debtor was

to collect damages from the government, the damages would not be property of the estate, and

would not be distributed to creditors.  *See, e.g.*, *In re Branam*, 247 B.R. 440, 447-48 (Bankr.

E.D. Tenn. 2000) ("Generally, property that a debtor acquires post-petition is not property of the

estate.").  Given that Plaintiff's claims do not arise under title 11, do not arise in title 11, and are

not related to bankruptcy, the Court lacks jurisdiction to hear them and the complaint must be

dismissed.

> B.  *Plaintiff's claims are barred by sovereign immunity.*

Plaintiff has failed to cite to any applicable waiver of sovereign immunity for the causes

of action set forth in his complaint.  With regard to Count One, Plaintiff does not cite any

statutory authority whatsoever, and his failure to identify an applicable waiver of the United

States' sovereign immunity is fatal to his claim.[2]  *Reetz*, 224 F.3d at 795.

Four of the six counts of Plaintiff's complaint—Counts Two, Three, Five, and Six—

allege that the IRS violated 18 U.S.C. §§ 152 and/or 157.  Both of these provisions are criminal

statutes which courts have universally found do not create a private cause of action.[3]  *See In re*

*Yee*, No. AP 16-05029, 2017 WL 3300607, at *4 (B.A.P. 9th Cir. Aug. 3, 2017) ("Federal case

law is replete with decisions holding there is no private right of action for violations

---

[2] The only statutes cited in the text of Count One are 18 U.S.C. §§ 152, 157, and 3571.  As set
forth in greater detail below, those are criminal statutes which provide no private cause of action.

[3] Plaintiff references 18 U.S.C. § 3571 in the title of his adversary complaint, and references it in
Counts One and Three, but does not specifically allege a cause of action under that statute.  In
any event, that statute also does not create a private cause of action.  *Vrooman v. Armstrong*, No.
3:16-CV-01109-YY, 2016 WL 6139953, *2 (D. Or. Sept. 30, 2016), *report and recommendation*
*adopted*, No. 3:16-CV-1109-SI, 2016 WL 6139924 (D. Or. Oct. 20, 2016) ("The federal statute
cited, 18 USC § 3571, simply provides a schedule of maximum fines applicable in a federal
criminal proceeding, but does not provide any private right of action.").

of 18 U.S.C. § 152" and collecting cases); *Chantel v. Federated Rural Elec. Ins. Exch. Inc.*, No.
CV-16-03310-PHX-SPL, 2017 WL 5957910, *2 (D. Ariz. Jan. 30, 2017) ("Although the filing
of a fraudulent or false proof of claim in a bankruptcy case is a federal crime under 18 U.S.C. §§
157, 152(4), federal criminal statutes are prosecuted by the United States Attorney, not by civil
litigants, and Congress did not create any private right of action for a violation of these
statutes."); *Azam v. Ruzicka & Wallace LLP, et al.* No. SACV14226JLSRNB, 2015 WL
13918078, *3 (C.D. Cal. Sept. 10, 2015) ("Because 18 U.S.C. § 157 is a criminal statute with
no private cause of action, Azam is unable to enforce this statute.").  There is no waiver of
sovereign immunity for a private citizen to bring an action against the United States under a
criminal statute.

Count Four of Plaintiff's complaint requests damages for "willful negligence and
infliction of serious emotional distress and mental anguishes."  Plaintiff does not specify whether
these claims are being brought under Ohio state law or as common-law torts, but the result is the
same: they are barred.  Generally, the Federal Tort Claims Act waives the United States'
sovereign immunity for claims arising out of torts committed by federal employees.  *See* 28
U.S.C. § 1346(b)(1).  However, subject to exceptions not applicable here, Congress has
exempted from that waiver "any claim arising in respect of the assessment or collection of any
tax." 28 U.S.C. § 2680(c).  Given that the torts alleged by Plaintiff arise from the filings of
proofs of claim in his bankruptcy in an attempt to collect his tax liabilities, such actions fall
within the tax exception and are thus barred.[4]  *See, e.g.*, *Plant v. I.R.S.*, 943 F. Supp. 833, 836
(N.D. Ohio 1996) (barring tort claims brought against IRS employees).

---

[4] In addition, the Federal Tort Claims Act requires that a claimant exhaust their administrative
remedies before bringing suit.  28 U.S.C. § 2675(a).  Even if the tax exception were not a

(continued...)

8

### C. *Plaintiff lacks standing to bring his claims.*

In addition to the Court's lack of jurisdiction, Plaintiff lacks standing to bring any of the claims he raises. Preliminarily, it appears that all of the actions which give rise to Plaintiff's claims occurred post-petition. Plaintiff's facts section refers to some actions by the IRS to collect his taxes before he filed for bankruptcy, but none of those actions are referenced as part of any of Plaintiff's claims for relief. If any of Plaintiff's claims arise from prepetition actions, pursuant to 11 U.S.C. § 541(a)(1), "all causes of action that hypothetically could have been brought pre-petition are property of the estate." *Tyler v. DH Capital Management, Inc.*, 736 F.3d 455, 462 (6th Cir. 2013). "As a result, only the bankruptcy trustee has standing to pursue pre-petition causes of action." *Id.* at 461.

If, as the United States assumes, all the actions which give rise to Plaintiff's claims occurred post-petition, the debtor still lacks standing. "Bankruptcy standing is narrower than constitutional standing and requires that a person "have a pecuniary interest in the outcome of the bankruptcy proceedings." *Cult Awareness Network, Inc. v. Martino,* 151 F.3d 605, 607 (7th Cir. 1998); *see also In re Felix*, 825 Fed. Appx. 365, 367 (6th Cir. 2020) ("The term 'party in interest' is not defined in the Bankruptcy Code or Rules" but is "an expandable concept depending on the particular factual context in which it is applied, such that a party that has an actual pecuniary interest, one who has a practical stake in the outcome, or those who will be impacted in any significant way by the matter." (internal quotation marks omitted)). Here, it appears that Plaintiff's claims arise from the IRS's filing of a proof of claim in the bankruptcy.

---

complete bar to Plaintiff's claim, he has not provided any evidence that he has exhausted his administrative remedies, which is fatal to his claim. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

But "the claim allowance/disallowance process in a chapter 7 bankruptcy case normally only affects the pecuniary rights of creditors as to the amount of distribution available for such creditors. *In re Brooks,* 548 B.R. 896, 900 (Bankr. S.D. Ga. 2016) (citing *Cult Awareness Network*, 151 F.3d at 607). Thus, any injury that would arise from the IRS filing a proof of claim would not be to the Plaintiff, it would be to the estate, and thus the party in interest with standing to bring the claim would be the Chapter 7 Trustee. Insofar as the Debtor is claiming that he was somehow personally injured by the IRS's filing of a proof of claim, as set forth above, the bankruptcy court lacks jurisdiction over any such claim because there is no bankruptcy purpose for determining such. The Plaintiff's lack of standing thus provides alternative grounds on which the Court can dismiss the adversary complaint.

II.    *The complaint should be dismissed under Rule 12(b)(6).*

Given that the Court lacks jurisdiction over the complaint, the complaint necessarily fails to state a claim on which relief may be granted. Portions of the complaint also fail to state a claim on which relief can be granted for other reasons.

A.    *Plaintiff fails to state a claim under 26 U.S.C. § 7433.*

Although Plaintiff does not cite any waiver of sovereign immunity for his claims in Count One, he appears to be seeking damages based on the IRS's filing of proofs of claim in his bankruptcy and alleges that the IRS "in bad faith and recklessly disregarded the federal and bankruptcy laws," without ever specifying a statute or regulation which he believes the IRS has disregarded. Insofar as he is alleging the IRS violated a provision of the Internal Revenue Code in its attempts to collect his tax liabilities, the "exclusive remedy" for damages for such a

10

violation would be 26 U.S.C. § 7433.[5]  However, in order to maintain a suit under that section,

Plaintiff would have needed to exhaust his administrative remedies.  *See Hoogerheide v. I.R.S.*.,

637 F.3d 634, 639 (6th Cir. 2011); 26 U.S.C. § 7433(d).  Plaintiff has alleged that he "exhausted

all possible administrative remedies in vain" but does not specify how or when he purportedly

did so or provide any evidence, so there is no way for the Court to determine whether he has

actually exhausted his administrative remedies.  As the Sixth Circuit has noted, "Section 7433(d)

is mandatory.  It is a congressionally established exhaustion imperative, not a judicially created

one, and accordingly the courts lack discretion to waive it."  *Hoogerheide*, 637 F.3d at 639.  As

Plaintiff has failed to show that he has complied with the mandatory exhaustion requirement to

maintain a potential claim under 26 U.S.C. § 7433, he cannot maintain any claim against the IRS

for any alleged violation of the Internal Revenue Code.

> **B.   The United States has not disregarded the Bankruptcy Code and Plaintiff has
> failed to avail himself of the proper remedy.**

Plaintiff alleges in numerous places that the IRS has violated the Bankruptcy Code,

though he does not specify any specific provision of the Bankruptcy Code that he believes was

violated.  Plaintiff appears to be alleging that the IRS violated the Bankruptcy Code by failing to

attach copies of account transcripts which he believes show that he had no liability to the IRS,

which he claims violates the instructions to Official Form 410, which is the form for filing proofs

of claim.  As the Bankruptcy Appellate Panel for the Sixth Circuit has noted, "the Official Forms

---

[5] Section 7433 does not provide a remedy for violations of the Bankruptcy Code and, as
described in greater detail below, Plaintiff has not pointed to any provision of the Bankruptcy
Code that he believes that IRS violated or disregarded.

do not have the force of law, as the Bankruptcy Code and the Bankruptcy Rules do."[6] *In re*

*Donnadio*, 608 B.R. 507, 513 (6th Cir. B.A.P. 2019) (quoting *In re Jenkins*, Case No. 17-30735,

2017 WL 7069076, *5 (Bankr. S.D. Ohio Sept 26, 2017)).  In any event, the United States did

include documentation to show that its claim was secured, a facsimile notice of federal tax lien

which shows the tax years it claimed were secured, the assessment date of such taxes, and the

recording information for the recorded notice of federal tax lien.  (Doc. 11, pp. 30, 35).

Insofar as Plaintiff argues that the IRS violated the Bankruptcy Code by filing a proof of

claim that he alleges was incorrect, Plaintiff's remedy was to object to the proof of claim under

11 U.S.C. § 502(b).  As an initial matter, the United States notes that Debtor listed the IRS

among the secured creditors on his initial schedules, and that he believed that the IRS had a

claim in the amount of $14,000, although he did note that he disputed the claim.[7]  Bankr. Case

(Doc. 1).  It is unclear how the IRS filing a proof of claim for an amount slightly less than that

could be an attempt to harm Plaintiff or defraud the Court.  In any event, the IRS's original proof

of claim was filed in May 2019, and it amended the proof of claim in June 2019.  (Claim 4-1, 4-

2).  Plaintiff had the opportunity to object to the claim before he voluntarily converted the case to

Chapter 7 in July 2019.[8]  However, as he failed to do so, the IRS's claim was allowed as filed.

---

[6] Although they do not have the force of law, "the forms should still be used and only with such
alterations as may be appropriate."  *Donnadio*, 608 B.R. at 513 (quoting *Jenkins*, 2017 WL
7069076 at *5); Fed. R. Bankr. P. 9009(a).

[7] The Court can consider its own records, including the schedules and proofs of claim, without
converting the motion under Rule 12(b)(6) to a motion for summary judgment, as a Court's own
records are appropriate for the taking of judicial notice.  *See New England Health Care
Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

[8] After conversion, the Debtor no longer had standing to object to the proof of claim unless he
could prove that it would generate a surplus.  *See In re Dinoto*, 576 B.R. 835, 838 (Bankr. E.D.
Mich. 2017).

11 U.S.C. § 502(a).  The Chapter 7 Trustee has since issued a no-asset report and the Debtor has

received his discharge.  The claims process has ended, and Plaintiff cannot reopen the issue at

this point.  If the IRS determines that any tax Plaintiff owes is nondischargeable and seeks to

collect such, Plaintiff has the option to pay the tax and file a refund suit in which he can raise any

defenses cognizable by law.  Thus, Plaintiff does not state a claim with regard to any issues he

might have with the substance of the IRS's proof of claim.

WHEREFORE, the United States requests that the Court dismiss Plaintiff's adversary

complaint with prejudice.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov

## CERTIFICATE OF SERVICE

   I hereby certify that on this 14th day of January, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all electronic filers, and I hereby certify that on the same date (or the next business day) I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

Leonard Nyamusevya
P.O. Box 314
Reynoldsburg, Ohio 43068

          */s/ Bradley A. Sarnell*
          BRADLEY A. SARNELL
          Trial Attorney
          United States Department of Justice, Tax Division