IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 2:19-bk-52868 |
| | ) | Chapter 7 |
| LEONARD NYAMUSEVYA, | ) | Judge John E. Hoffman, Jr. |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| LEONARD NYAMUSEVYA, | ) | Adv. Proc. No. 2:19-ap-2109 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**UNITED STATES' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
ADVERSARY COMPLAINT**

Defendant United States of America, improperly named and sued as the "Internal

Revenue Service," hereby replies to Plaintiff Leonard Nyamusevya's opposition to the United

States' motion to dismiss the adversary proceeding.  (Doc. 19).

**Argument**

I.   *There is no waiver of sovereign immunity to allow Plaintiff to maintain his claims.*

Plaintiff argues in a number of places that the applicable waiver of sovereign immunity

for his claims is 11 U.S.C. § 106.  There is no dispute that section 106(a) waives the United

States' sovereign immunity for claims under a number of sections of the Bankruptcy Code.

However, Plaintiff's claims are being brought under sections of Title 18, the criminal code, and

thus do not fall within any of the explicit waivers enumerated in section 106(a).  In addition,

Section 106 makes clear that "[N]othing in this section shall create any substantive claim for

relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy

Procedure, or nonbankruptcy law." 11 U.S.C. § 106(a)(5). Section 106 does not create a cause

of action itself (and thus cannot provide its own waiver of sovereign immunity for the claims

Plaintiff seeks to bring). *See, e.g.*, *In re Franklin Savings Corp.*, 385 F.3d 1279, 1289 (10th Cir.

2004) ("Section 106 is simply a waiver of sovereign immunity; it does not create a claim for

relief, nor does it provide a separate basis for subject matter jurisdiction."); *cf.* 11 U.S.C.

§ 106(a)(1) (abrogating sovereign immunity for certain causes of action set forth in the

Bankruptcy Code). It also does not create a private right of action for alleged violations of 18

U.S.C. §§ 152 or 157. *See, e.g.*, *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ("[I]t is self-

evident that a federal agency is not subject to state or federal criminal prosecution."); *Chantel v.*

*Federated Rural Elec. Ins. Exch. Inc.*, No. CV-16-03310-PHX-SPL, 2017 WL 5957910, *2 (D.

Ariz. Jan. 30, 2017) ("Although the filing of a fraudulent or false proof of claim in a bankruptcy

case is a federal crime under 18 U.S.C. §§ 157, 152(4), federal criminal statutes are prosecuted

by the United States Attorney, not by civil litigants, and Congress did not create any private right

of action for a violation of these statutes.").

Nor does section 106 override the Federal Tort Claims Act's bar on tort claims regarding

"any claim arising in respect of the assessment or collection of any tax" set forth in 28 U.S.C.

§ 2680(c). *See In re Szanto*, 574 B.R. 862, 870-72 (Bankr. D. Or. 2017) (Tax exception to the

FTCA "is not a mere procedural requirement, but a clear and express substantive provision that

makes the FTCA inapplicable to cases involving the assessment or collection of tax. To allow

plaintiff to assert the Tort Claims under the FTCA when such claims would clearly exceed the

scope of the government's liability outside of bankruptcy stretches the boundaries of § 106

beyond its terms."); *see also Franklin Savings Corp.*, 385 F.3d at 1291 (section 106 does not

displace the statute of limitations for claims under the FTCA).  As the provisions of law under

which Plaintiff brings his claim do not create a viable cause of action against the United States,[1]

section 106(a) does not waive the United States' sovereign immunity for such actions.

Plaintiff also argue that 11 U.S.C. § 106(b) applies here.  (Doc. 19, ¶ 47).  That provision

waives the United States' sovereign immunity if the United States has filed a proof of claim

"with respect to a claim against such governmental unit that is property of the estate and that

arose out of the same transaction or occurrence out of which the claim of such governmental unit

arose."  Although the IRS did file a proof of claim, section 106(b) "vest[s] the bankruptcy court

with jurisdiction to hear certain claims but do[es] not create substantive non-bankruptcy law that

will govern a claim."  *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 254 (5th Cir. 2006).

"[W]hile former sections 106(a) and 106(b), now sections 106(b) and 106(c), clearly waive

sovereign immunity with respect to monetary liability, they do not unequivocally abrogate

sovereign immunity to the extent that they breathe life into causes of action against the federal

government that would not otherwise exist."  *Id.* at 262 (Owen, J. concurring).  Given that, as

argued more fully in the United States' motion to dismiss, there is no cause of action against the

United States under the criminal statutes Plaintiff cites or under the Federal Tort Claims Act,

and, as discussed above, 11 U.S.C. § 106 does not create a cause of action itself, no claim exists

---

[1]  In any event, the Federal Tort Claims Act requires that a claimant exhaust their administrative remedies before bringing suit.  28 U.S.C. § 2675(a).  Even if the tax exception were not a complete bar to Plaintiff's claim, as argued below, he has not provided any evidence that he has properly exhausted his administrative remedies, which is fatal to his claim.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  A civil action under 26 U.S.C. § 7433 for damages for unauthorized collection actions also needs to be preceded by an exhaustion of administrative remedies, as argued in the United States' motion, but the Sixth Circuit has determined that such requirement is not a jurisdictional matter.  As argued below, the Plaintiff does not contend that he properly exhausted his administrative remedies under the FTCA or the Internal Revenue Code.

against the United States which could be property of the estate or the debtor.  In addition, even if

such a claim existed, as will be argued more fully below in the section refuting Plaintiff's claim

that he has standing, if any such claim were to exist and were property of the estate, it has not

been abandoned to Plaintiff and thus he lacks standing to bring any such claim.  Thus, the waiver

of sovereign immunity in 11 U.S.C. § 106(b) is inapplicable.

II.   *Any tort claims are barred by the FTCA's tax exception.*

Plaintiff then argues that his suit is not barred under the tax exception to the FTCA

because he is not bringing suit against individual employees of the IRS, but is instead bringing

suit against the Internal Revenue Service.  (Doc. 19, ¶ 6).  However, 28 U.S.C. § 2879 provides

that "[t]he authority of any federal agency to sue and be sued in its own name shall not be

construed to authorize suits against such federal agency on claims which are cognizable under

section 1346(b) of this title."  *See Szanto*, 574 B.R. at 867 ("[T]he identification of the creditor

on the proof of claim does not override the well-established authority that a suit against the IRS

is deemed to be a suit against the United States."); *see also Posey v. U.S. Dept. of Treasury*, 156

B.R. 910, 917 (W.D.N..Y. 1993) ("[S]uit against the IRS or the Treasury Department is not

available in federal court.").  Instead, the proper defendant for any such suit is the United States,

and the FTCA's tax exception applies to bar such claim.[2]  *See Tornichio v. United States*, 263 F.

Supp. 2d. 1090, 1099 (N.D. Ohio 2002) (finding that the court lacked subject matter jurisdiction

over plaintiff's compensatory damage claims against the United States "because the FTCA

expressly excepts tax claims.").

---

[2] Even if Plaintiff were to bring suit against individual IRS employees, the filing of a proof of
claim in bankruptcy is an action taken by IRS employees within the scope of their employment,
and the United States would thus have to be substituted as a party in place of any individually
named employees.  28 U.S.C. § 2679(d)(1).  Such a suit would also be subject to the FTCA's tax
bar.  28 U.S.C. § 2679(d)(4).

Insofar as Plaintiff is arguing that the FTCA's tax exception is inapplicable because section 106 waives the United States' sovereign immunity, such an argument is incorrect. Section 106, by its own terms, does not create a cause of action or expand existing causes of action; it merely waives the United States' sovereign immunity for certain causes of action existing under bankruptcy and non-bankruptcy law. Section 106(a)(5) explicitly states that it does not create any causes of action, and section 106(b) "do[es] not create substantive non-bankruptcy law that will govern a claim." *Supreme Beef Processors*, 468 F.3d at 254. To find that section 106 allows Plaintiff to bring a tort claim against the United States that would have been barred by the FTCA's tax bar would allow section 106 to create a cause of action where one would not otherwise exist, contravening the plain text of that statute.

III.    *Plaintiff lacks standing.*

Plaintiff first claims that he has standing using the test for Article III standing. (Doc. 19, ¶ 32). But "[b]ankruptcy standing is narrower than Article III standing." *Cult Awareness Network, Inc. v. Martino,* 151 F.3d 605, 607 (7th Cir. 1998). As argued in the United States' opening brief, causes of action related to the validity of the proof of claim filed by the IRS in the bankruptcy are related to the allowance and disallowance of claims against the estate and would thus be property of the estate because any injury would be to the estate against which the claim was made. *In re Brooks, 5*48 B.R. 896, 900 (Bankr. S.D. Ga. 2016) ("[T]he claim allowance/disallowance process in a chapter 7 bankruptcy case normally only affects the pecuniary rights of creditors as to the amount of distribution available for such creditors."). As such, the claim would be a claim of the estate and the Debtor would lack standing to bring such a claim. *Est. of Spirtos v. One San Bernardino Cty. Superior Ct. Case Numbered SPR 02211*, 443

F.3d 1172, 1176 (9th Cir. 2006) ("[T]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate."),

Plaintiff then claims that all tort actions related to the filing of proofs of claim were abandoned to him by the Trustee, but that assertion is belied by the record in the bankruptcy case. (Doc. 19, ¶ 56). As an initial matter, no claim against the United States was listed on the Plaintiff's bankruptcy schedules and, in general, "a cause of action that was never disclosed in the bankruptcy petition cannot be abandoned." *In re Kreisel*, 399 B.R. 679, 688 (Bankr. C.D. Cal. 2008). Even assuming that this general rule does not apply because the actions which form the basis of Plaintiff's claims occurred post-petition and prior to conversion, there is no evidence that the Chapter 7 Trustee abandoned such claims to the Debtor. "[P]roper abandonment requires that the trustee give all creditors notice of his intent to abandon a claim." *Id.* The Trustee's September 12, 2019 Report of No Distribution reports the value of "Assets Abandoned (without deducting any secured claims): $0.00." *In re Nyamuseva*, Bankr. Case No. 2:19-bk-52868 (Bankr. S.D. Ohio) ("Bankr. Case") 9/12/2019 Docket Entry. Had the Trustee abandoned a claim of the estate, she would have to have specifically given notice of her intent to so abandon. Moreover, there is no reason to believe that the Trustee abandoned any assets on the date of the Report of No Distribution because the Trustee later filed specific notice of her intent to abandon other property. *See* Bankr. Case (Doc. 111) ("Trustee's Abandonment of 2064 Worcester Court Columbus Ohio"). The case has not closed, and thus any remaining assets of the estate remain property of the estate. Even if there were any valid cause of action against the United States, the Debtor would not have standing to bring it.

*IV.    The Bankruptcy Court lacks jurisdiction.*

Plaintiff argues that the Court has jurisdiction because the case "arises under" title 11

because it arises under section 106 of the Bankruptcy Code. (Doc. 19, ¶ 15). But in order for a

case to arise under the Bankruptcy Code, the Bankruptcy Code must create the cause of action.

*See Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002). As demonstrated above, section 106

waives the United States' sovereign immunity for certain causes of action, but does not itself

create a cause of action. *Franklin Savings Corp.*, 385 F.3d at 1289. Instead, the claims allegedly

arise under title 18, or are tort claims, and thus do not arise under the Bankruptcy Code. The fact

that the claims arose in the context of a bankruptcy case does not change this analysis.[3]

Plaintiff then argues that this case is "related to" his bankruptcy because it could create a

surplus that could be used to pay creditors. (Doc. 19, ¶ 60-61). However, Plaintiff is not

suggesting that any money received in a judgment be paid into the Estate to be administered by

the Chapter 7 Trustee, but is instead demanding that damages be paid directly to him. (Doc. 19,

¶ 56). As such, it would not create a surplus in the Estate, which is the relevant inquiry for

standing purposes. *See, e.g.*, *In re Dinoto*, 576 B.R. 835, 838 (Bankr. E.D. Mich. 2017). Indeed,

---

[3] It is unclear if Plaintiff is arguing that his claims meet the standard for "arising in" a case under title 11 because the claims arose in the context of a bankruptcy case. (Doc. 19, ¶ 59). This action does not meet the standard for "arising in" because the tort claims could exist in a forum outside of bankruptcy (and, in the case of criminal prosecutions, cannot take place in bankruptcy court). *Sanders Confectionary Products, Inc., v. Heller Financial, Inc.*, 973 F.2d 474, 483 n.4 (6th Cir. 1992). Plaintiff's citations to *MSR Expl., Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir. 1996), *Owen v. Hackett Law Firm, LLC*, No. C18-5760 BHS, 2019 WL 184079 (W.D. Wash. Jan. 14, 2019), and *Chantel*, 2017 WL 5957910 at *1, for the proposition that violations of the Bankruptcy Code and Rules can be redressed in the bankruptcy court are of no moment. (Doc. 19, ¶ 22-25). None of these cases stand for the proposition that private citizens can prosecute criminal cases against federal agencies in any forum whatsoever, and the proposed remedies set forth in *MSR* (which stated that a malicious prosecution claim for actions taken in a bankruptcy case are precluded by the Bankruptcy Code) are all provided under the Bankruptcy Code, not criminal statutes. *MSR*, 74 F.3d at 915.

were this a case where any damages would go to the Estate, the Chapter 7 Trustee would be the

proper party to bring the case, and the complaint would have to be dismissed for lack of

standing. *Est. of Spirtos*, 443 F.3d at 1176. The Court thus lacks jurisdiction over Plaintiff's

complaint.

V.    *Plaintiff's other claims lack merit.*

Plaintiff makes a number of other claims in his motion, all of which lack merit. Plaintiff

makes a number of requests that the Court require the United States to settle the case for $1

million, although he has appended to his objection an email from the undersigned rejecting that

exact settlement demand. *See, e.g.*, (Doc. 19, ¶ 9). "The Court cannot order the parties to agree

to a settlement over their objection." *In re Thornburg Mortg., Inc. Securities Litigation*, 912 F.

Supp. 2d. 1178, 1183 (D. N.M. 2012). Nor, as Plaintiff argues (Doc. 19, ¶ 16), has the United

States waived its right to answer in the event that its motion to dismiss is denied; an answer on

the merits of the complaint is unwarranted until the Court determines whether it has jurisdiction.

*See Sac & Fox Tribe of Mississippi in Iowa Election Bd. v. Bureau of Indian Affs.*, 321 F. Supp.

2d 1055, 1060 (N.D. Iowa 2004) ("Rule 12(b)(1) provides that a party may raise the defense of

'lack of jurisdiction over the subject matter' in a motion before answering the complaint filed in

any action.").

Plaintiff argues that the United States can be sued in bankruptcy court for violations of

the automatic stay under 11 U.S.C. §§ 362 and 524 and thus that the bankruptcy court can hear

his claims as well. (Doc. 19, ¶ 90-92). But sections 362 and 524 are at most causes of action

created under the Bankruptcy Code, which create private rights of action by debtors and/or

trustees, for which sovereign immunity is explicitly waived in § 106(a)(1).[4]  As argued above, there is no private cause of action created under 11 U.S.C. § 106, 18 U.S.C. § 152, or 18 U.S.C. § 157.  Similar reasoning dooms Plaintiff's argument that the Court can hear his claims because it has the right to determine federal and state income taxes under 11 U.S.C. § 505.  (Doc. 19, ¶ 18).  Plaintiff is not seeking a determination of his tax liability under § 505, he is seeking damages against the IRS under provisions of the criminal code which do not provide a cause of action.[5]

Plaintiff makes reference to section 105, though he stops short of asserting that section provides him a cause of action against the United States.  (Doc. 19, ¶ 79).  Indeed, it does not.  *In re Rose,* 314 B.R. 663, 681 n.11 (Bankr. E.D. Tenn. 2004) ("§ 105(a) is not without limits, may not be used to circumvent the Bankruptcy Code, and does not create a private cause of action unless it is invoked in connection with another section of the Bankruptcy Code.").  Plaintiff has not pointed to any section of the Bankruptcy Code, or any other statute, that creates a cause of action to sue the United States under the provisions of the criminal code.

Plaintiff argues that the Court already determined it had jurisdiction and declined to dismiss the complaint, and thus cannot do so here.  (Doc. 19, ¶ 58).  The order to which Plaintiff refers declines to dismiss the complaint for inadequate service of process and does not purport to determine jurisdiction, standing, or any of the other issues raised by the United States.  (Doc. 9).

---

[4] Notably, sections 362 and 524 do not create causes of action for damages against the United States.  Instead, the exclusive remedy for recovering damages for violations of those sections is provided by section 7433 of the Internal Revenue Code, and such actions are subject to the administrative exhaustion requirement found in section 7433(a).  *See In re Kovacs*, 614 F.3d 666, 672-73 (7th Cir. 2010); 26 U.S.C. § 7433(e).

[5] Indeed, given that this is a no-asset chapter 7 case, he may not be entitled to a § 505 determination either.

Finally, Plaintiff makes reference to having exhausted his administrative remedies under the FTCA.   However, he states that he exhausted his administrative remedies "prior to May 17, 2019."  (Doc. 19, ¶ 68).  The actions that give rise to Plaintiff's complaint are the IRS filing proofs of claim, the earliest of which was filed on May 20, 2019.  (Claim 4-1).  Any claim that actions taken before the events giving rise to a claim could constitute exhaustion of administrative remedies with regard to that claim is ludicrous.  Further, Plaintiff's claim that he was not required to exhaust his administrative remedies because of § 106 (Doc. 19, ¶ 72), while interesting academically, is irrelevant because there is no viable cause of action to which section 106 could waive the United States' sovereign immunity.[6]

## Conclusion

For the reasons set forth above, and the reasons set forth in the United States' motion to dismiss, the Court should dismiss the adversary complaint.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov

---

[6] The United States recognizes the Sixth Circuit's recent decision in *Kellom v. Quinn*, Case Nos. 20-1003/1222, 2021 WL 4026789 (6th Cir. Sept. 3, 2021), which states that the exhaustion requirement under the FTCA is not jurisdictional.  This seems to conflict with the Supreme Court's decision in *McNeil* but, even if those decisions do not conflict, administrative exhaustion is still a condition precedent to an FTCA damages claim against the United States.  Plaintiff's failure to comply means that his complaint fails to state a claim on which relief may be granted.

## CERTIFICATE OF SERVICE

  I hereby certify that on this 25th day of January, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all electronic filers, and I hereby certify that on the same date (or the next business day) I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

Leonard Nyamusevya
P.O. Box 314
Reynoldsburg, Ohio 43068

        */s/ Bradley A. Sarnell*
        BRADLEY A. SARNELL
        Trial Attorney
        United States Department of Justice, Tax Division